JUDGE JONES

**ARNALL GOLDEN GREGORY, LLP** **12 CIV 3934**
Attorneys for Plaintiff, Avalon Risk Management
2 South Biscayne Blvd. Suite 2690
Miami, Florida 33131
Tel: (305) 537-2000
Fax: (305) 537-2001
Attorney: Andrew R. Spector (NY 3887)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X

AVALON RISK MANAGEMENT
INSURANCE AGENCY, LLC

           Plaintiff,

vs.

GREGORY TAYLOR,
ADELE ROSSANO,
JOHN ROSSANO,
JAMES ROSSANO,
and JOHN DOES 1 – 10

           Defendants.

_____/

Case No



MAY 17 2012
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

Plaintiff, AVALON RISK MANAGEMENT INSURANCE   AGENCY,   LLC,
(hereinafter referred to as "AVALON") by and through its undersigned attorneys, sues
Defendants, GREGORY TAYLOR, ADELE ROSSANO, JOHN ROSSANO, JAMES
ROSSANO and JOHN DOES 1-10, and alleges:

### JURISDICTION AND VENUE

1.    AVALON is a company organized under the laws of the state of Connecticut
having its principal place of business in Elk Grove Village, Illinois, and
maintaining an office in New York, New York.

2.    GREGORY TAYLOR (hereinafter "TAYLOR") is an individual that, upon

information and belief, resides in Putnam County, New York, and who resided in Kings County and/or New York County, during the relevant period of the events set forth herein.

3.    ADELE and JOHN ROSSANO are individuals residing Ocean County, New Jersey, and whom, upon information and belief, resided in, or maintained a residence in Kings County during the relevant period of the events set forth herein.

4.    JAMES ROSSANO is an individual residing in Union County, North Carolina, and who was employed in AVALON's New York office and resided in New York during the relevant time period.

5.    This Court has jurisdiction based upon 28 U.S.C § 1332, as it is an action between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6.    This Court has personal jurisdiction over the defendants since actions giving rise to this claim occurred in New York and/or the damage caused by these actions occurred in New York, and within this district.

7.    Venue is appropriate since a substantial part of the events giving rise to this claim occurred in this district.

## STATEMENT OF FACTS

8.    AVALON is a duly licensed insurance agent. The core of AVALON's business is to find insurance and surety solutions for the international trade and transportation community, which includes for the most part, Freight Forwarders, Customs Brokers and other Transportation Intermediaries. AVALON operates in a highly competitive niche market.

9.     TAYLOR, upon information and belief, owns, operates, or is otherwise employed by Worldwide Consulting, Inc., a/k/a Worldwide Consulting and Trade Services, and entity which does not appear to be registered to do business in any State.

10.    The corporate address identified by TAYLOR in his correspondence is 115 Huntington Drive, Jackson, New Jersey 08527.

11.    This address is owned by JOHN and ADELE ROSSANO.

12.    The New York cellphone number identified by TAYLOR as his phone number is registered to defendant JAMES ROSSANO, son of ADELE and JOHN ROSSANO.  Upon information and belief, TAYLOR and the ROSSANOS are also related.

13.    JAMES ROSSANO, upon information and belief, owns, operates, or is otherwise employed by Worldwide Consulting, Inc., a/k/a Worldwide Consulting and Trade Services. JAMES ROSSANO was an employee at AVALON's New York office from October 2002 through June, 22, 2007.  From July, 2007 until his recent termination, he was employed by AVALON and worked remotely from his home located at 8033 Penman Springs Dr., Waxhaw, North Carolina, 28173.

14.    Coincidentally, this is the exact same address listed by Dun & Bradstreet as the address of Worldwide Consulting and Trade Services, although no such business is registered to do business in any State, including North Carolina, New York or New Jersey.

15.    An investigation by AVALON has revealed that Defendants have engaged in a coordinated scheme to collect insurance premiums on surety bonds utilizing customer lists and billing information of AVALON.

16.     Specifically, Defendants, under the apparent fictitious entity Worldwide Consulting, Inc. and/or Worldwide Consulting & Trade Services (hereinafter "Worldwide"), would contact, or be contacted by, customers and potential customers of AVALON, located in, but not limited to, New York, and offer to write bonds on their behalf, naming AVALON, or its affiliate, as agent for the surety.

17.     Defendants would bill these customers premiums which were several times greater than the premiums charged by AVALON or the sureties they represent. Defendants accepted premiums over the course of several years for multiple customers.  Defendants would obtain the names of AVALON's customers through JAMES ROSSANO and/or other Avalon employees or former employees, including JOHN DOES 1-10.  TAYLOR would then contact these customers and write the bonds, naming AVALON or its affiliate as agent for the surety.  The bonds would be invoiced, without authorization, under the billing file of another AVALON customer.  Defendants would ensure that the customer associated with this billing file never received the invoices for these bonds. Defendants would then receive the premiums from the customers they contacted and retain the excess premiums.

18.     These actions were undertaken by Defendants without authorization or knowledge of AVALON.

19.     Correspondence from TAYLOR identifies the corporate address of Worldwide Consulting, the "entity" which these customers retained to write the bonds, as 115 Huntington Drive, Jackson, New Jersey 08527.  This address is owned by JOHN and ADELE ROSSANO.

20.   Defendants received premium payments via U.S. mail sent to this address.

21.   Upon information and belief, TAYLOR and the ROSSANOS are also related to former AVALON employee(s), including JOHN DOES 1-10.

22.   Defendants have engaged in an elaborate enterprise utilizing their contacts and knowledge of AVALON's system and customers to write bonds listing AVALON or its affiliate as agent for the surety, without AVALON's knowledge or consent.

23.   All conditions precedent to the filing of this action have occurred or have been otherwise waived.

### COUNT I - MISAPROPRIATION

24.   AVALON incorporates and realleges paragraph 1 through 23 as set forth above.

25.   Defendants have intentionally and knowingly obtained and used AVALON's proprietary information for their own personal gain.

26.   Specifically, Defendants have utilized AVALON's customer lists and client billing information to write bonds in the name of AVALON's customers and potential customers, using AVALON and/or its affiliate's name as agent for  the surety.

27.   As a direct and proximate result of these actions, Defendants have been unjustly enriched and have caused AVALON to suffer damages, including lost profits, impairment of future earning capacity, diminutions in the value of their business, loss of good-will and proprietary information all in the amount in excess of the minimum jurisdictional limits of this Court.

28.   Defendants' actions have also caused, and will continue to cause, AVALON irreparable harm and injury, including lost profit, impairment of future earning capacity, diminutions in the value of their business, loss of good will and loss of

proprietary information.

**WHEREFORE**, for the reasons stated above Plaintiff respectfully requests that this Court enter requiring defendants to immediately cease utilizing any AVALON proprietary information, from placing any bonds in the name of AVALON or its affiliated entities, for an award of damages, pre-judgment interest, costs  and any other further relief the Court may deem just and proper.

## COUNT II - INJUNCTIVE RELIEF

29.   AVALON incorporates and realleges paragraph 1 through 23 as set forth above and further alleges as follows:

30.   AVALON seeks a preliminary injunction and permanent injunction, precluding defendants from using or utilizing proprietary information of AVALON.

31.   This preliminary injunction and permanent injunction shall extend to proprietary information in tangible and intangible form.

32.   AVALON seeks a preliminary injunction and permanent injunction, precluding defendants from taking any action, including the writing of any bonds, in the name of AVALON's customers or potential customers naming AVALON or its affiliate as agent for the surety.

33.   AVALON seeks a preliminary injunction and permanent injunction, precluding defendants from billing, invoicing, or collecting any money in the name of, on behalf of, or claiming to be a representative of, AVALON or its affiliates.

34.   AVALON seeks a preliminary injunction and permanent injunction, precluding defendants from representing, either explicitly or implicitly, to any person or entity, that they are taking any action on behalf of, in the name of, or with the consent of, AVALON or any entity affiliated with AVALON.

35.     It has become necessary to file this action to maintain the status quo and to specifically protect AVALON's proprietary information and utilization by Defendants, and to protect AVALON's name and goodwill and reputation which have been damaged irreparably by Defendants' actions.

36.     AVALON seeks preliminary and permanent injunctive relief from the Court that will prohibit Defendants from:

   a.     Using, utilizing or duplicating any documents or information belonging to AVALON that were not generated for public use.

   b.     Divulging, furnishing or making available proprietary information regarding business activities of AVALON including but not limited to technical, business, financial, intellectual property, the relationships, sales, marketing plans, and all information regarding or pertaining to the customers or clients of AVALON.

   c.     Taking any action, including the writing of any bonds, in the name of AVALON's customers or potential customers, naming AVALON or its affiliate as agent for the surety.

   d.     Billing, invoicing, collecting, or attempting to collect and moneys in the name of, on behalf of, or claiming to be a representative of, AVALON or its affiliates.

   e.     Representing, either explicitly or implicitly, to any person or entity, that they are taking any action on behalf of, in the name of, or with the consent of, AVALON or any entity affiliated with AVALON.

37.     AVALON is without adequate remedy to prevent Defendants' use of proprietary materials, or from any action taken to further harm AVALON's goodwill and

reputation.

38.   No money damage or adequate remedy at law can compensate AVALON for the harm that has been caused, and will be caused unless Defendants are immediately restrained and ordered to comply with the demands requested herein.

39.   AVALON will suffer irreparable injury including lost profit, impairment of future earning capacity, diminutions in the value of its business, loss of good-will and loss of proprietary information, if injunctive relief is not granted.

40.   No third parties will be unjustifiably harmed if this injunctive relief is granted.

41.   Furthermore, the public interest will be served by the granting of this injunctive relief since all businesses have a legitimate interest in ensuring that their proprietary information remains protected and that unauthorized persons cannot act in the name of the corporation.

42.   As a result of Defendants' actions, AVALON has been forced to retain the undersigned counsel to provide legal services here and pay such counsel a reasonable fee for services.

   **WHEREFORE,** for the reasons stated herein Plaintiff, AVALON, respectfully requests that this Court grant a preliminary and permanent injunction against Defendants.


## COUNT III-TORTIOUS INTERFERENCE
## WITH BUSINESS RELATIONSHIP

43.   AVALON repeats and realleges paragraph 1 through 23 as set forth above and further alleges as follows:

44.   Defendants' actions, in writing bonds on behalf of potential customers and billing these bonds through clients' of AVALON have irreparably harmed the business relationships between AVALON and its clients and its prospective clients.

45.     Defendants' were aware that their actions would cause harm to AVALON's business and its relationships with its clients, particularly in the highly-competitive field in which AVALON operates.

46.     Defendants' actions have jeopardized and injured AVALON's relationships with its clients and prospective clients.

47.     Defendants engaged in conduct designed to cause injury to AVALON's business.

48.     Defendants' conduct was intentional, unjust and wrongfully interfered with AVALON's relationship with its clients and prospective clients.

49.     This interference proximately resulted in damages in excess of the jurisdictional requirements of this Court.

**WHEREFORE** Plaintiff, AVALON, respectfully requests that judgment be entered against Defendants, together with any further relief the Court deems just and proper.

### COUNT IV-FRAUD

50.     AVALON repeats and realleges paragraph 1 through 23 as set forth above and further alleges as follows:

51.     Over a period of several years, Defendants contacted numerous entities, claiming to be acting on behalf of, or with the authorization of, AVALON, for the placement of surety bonds.

52.     Also during this period Defendants were contacted, and, upon information and belief, continue to be contacted by, entities, requesting surety bonds, for which Defendants claim to be acting on behalf of, or with the authorization of, AVALON.

53.     These representations were, and are, false.

54.     Defendants knew that the representations were false when made.

55. Defendants knew that the representations would induce these entities to make payments in the form of premiums to Defendants.

56. Defendants knew that the representations would cause damage to AVALON in the form of lost revenue, loss of goodwill and reputation.

57. These bonds identified AVALON or its affiliate as agent for the surety.

58. Defendants caused these bonds to be recorded in AVALON's billing system and then subsequently diverted the premiums and/or caused the billing to be cancelled without cancelling the bonds.

59. As such, although AVALON has not received premium payments for the majority of the bonds, the surety faces a liability under the bonds.

60. As such, AVALON has incurred substantial damages in the form of lost revenues and profits for the placement and maintenance of these bonds.

61. These bonds constitute a representation before the United States government as to the financial responsibility of the bond principal. Defendants actions, by circumventing the vetting responsibility of the surety and misrepresenting same by writing the bonds, therefore also constitute a fraud upon the United States.

WHEREFORE Plaintiff, AVALON, respectfully requests that judgment be entered against Defendants, together with any further relief the Court deems just and proper.

## COUNT V-CONSPIRACY

62. AVALON repeats and realleges paragraph 1 through 23 as set forth above and further alleges as follows:

63. Defendants have engaged in a complex scheme designed to be unjustly enriched at the expense of AVALON, its clients and its prospective customers.

64. Defendants are associated with one another, have met together and/or discussed

the scheme and have participated in its execution over the course of several years.

65.   Defendants engaged in a concerted effort designed to cause injury to AVALON's business for the benefit of themselves.

66.   Defendants' conduct was intentional, unjust and wrongfully interfered with AVALON's relationship with its clients and prospective clients.

67.   This interference proximately resulted in damages in excess of the jurisdictional requirements of this Court.

**WHEREFORE** Plaintiff, AVALON, respectfully requests that judgment be entered against Defendants, together with any further relief the Court deems just and proper. in damages in excess of the jurisdictional requirements of this Court.

## COUNT VI - CONVERSION

68.   AVALON incorporates and realleges paragraph 1 through 23 as set forth above.

69.   Defendants have intentionally and knowingly obtained and used AVALON's proprietary information for their own personal gain.

70.   Specifically, Defendants have utilized AVALON's customer lists and client billing information to write bonds for these customers and potential customers, naming AVALON, or its affiliate, as agent for the surety.

71.   AVALON exercises legal ownership over its confidential proprietary information which includes customer lists, prospective customer lists, financial data and billing data of both AVALON and its customers.

72.   Defendants, by their actions, have exercised unauthorized dominion over AVALON's property, to the exclusion of AVALON's rights, for Defendant's own personal gain.

73.   Defendants' actions were undertaken with wanton dishonestly or with willful

disregard of AVALON's rights, entitling AVALON to a recovery of punitive damages.

74.    As a direct and proximate result of these actions, Defendants have been unjustly enriched and have caused AVALON to suffer damages, including lost profits, impairment of future earning capacity, diminutions in the value of their business, loss of good-will and proprietary information all in the amount in excess of the minimum jurisdictional limits of this Court.

**WHEREFORE,** for the reasons stated above Plaintiff respectfully requests that this Court award Plaintiff damages, including punitive damages, pre-judgment interest, costs and any other further relief the Court may deem just and proper.

Dated: New York, New York
       May 11, 2012

                         Respectfully Submitted,

                         ARNALL GOLDEN GREGORY, LLP

                         By: _____
                              Andrew R. Spector, Esq. (NY 3887)
                              2 South Biscayne Blvd. Suite 2690
                              Miami, Florida 33131
                              Tel: (305) 537-2000
                              Fax: (305) 537-2001
                              *Attorneys for Plaintiff*

4747647v2

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

| | | |
|---|---|---|
| Avalon Risk Management Insurance Agency, LLC | ) | |
| _____ | ) | **12 CIV 3934** |
| *Plaintiff* | ) | Civil Action No. |
| v. | ) | |
| Gregory Taylor, Adele Rossano, John Rossano, | ) | **JUDGE JONES** |
| James Rossano, and John Does 1-10 | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    Adele Rossano
115 Huntington Drive
Jackson, New Jersey 08527

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Arnall Golden Gregory, LLP
Andrew Spector, Esq.
One Biscayne Tower
2 South Biscayne Blvd., Suite 2690
Miami, Florida 33131

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

*CLERK OF COURT*

Date:  MAY 1 7 2012    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Southern District of New York

| | |
|---|---|
| Avalon Risk Management Insurance Agency, LLC | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| Gregory Taylor, Adele Rossano, John Rossano, | ) |
| James Rossano, and John Does 1-10 | ) |
| _____ | ) |
| *Defendant* | ) |

# 12 CIV 3934

Civil Action No.

# JUDGE JONES

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  John Rossano
115 Huntington Drive
Jackson, New Jersey 08527

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Arnall Golden Gregory, LLP
Andrew Spector, Esq.
One Biscayne Tower
2 South Biscayne Blvd., Suite 2690
Miami, Florida 33131

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

*CLERK OF COURT*

Date: ____MAY 1 7 2012____   _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Southern District of New York

| | |
|---|---|
| Avalon Risk Management Insurance Agency, LLC | ) |
| ——————————————————— | ) |
| *Plaintiff* | ) |
| v. | ) |
| Gregory Taylor, Adele Rossano, John Rossano, | ) |
| James Rossano, and John Does 1-10 | ) |
| ——————————————————— | ) |
| *Defendant* | ) |

Civil Action No. **12 CIV 3934**

**JUDGE JONES**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   James Rossano
8033 Penman Springs Drive
Waxhaw, NC 28173

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Arnall Golden Gregory, LLP
Andrew Spector, Esq.
One Biscayne Tower
2 South Biscayne Blvd., Suite 2690
Miami, Florida 33131

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

*CLERK OF COURT*

Date: MAY 1 7 2012 _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Southern District of New York

| | |
|---|---|
| Avalon Risk Management Insurance Agency, LLC | ) |
| _Plaintiff_ | ) ) ) |
| v. | ) |
| Gregory Taylor, Adele Rossano, John Rossano, James Rossano, and John Does 1-10 | ) ) ) |
| _Defendant_ | ) |

Civil Action No. **12 CIV 3934**

JUDGE JONES

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   Gregory Taylor
1702 Village Drive
Brewster, NY 10509

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Arnall Golden Gregory, LLP
Andrew Spector, Esq.
One Biscayne Tower
2 South Biscayne Blvd., Suite 2690
Miami, Florida 33131

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

_CLERK OF COURT_

Date: _____ MAY 1 7 2012

_____
_Signature of Clerk or Deputy Clerk_