UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AVALON RISK MANAGEMENT INSURANCE      :
AGENCY, L.L.C.,                                              :
                              Plaintiff,     :
                                         :    12 Civ. 3934 (LGS)
          -against-                               :
                                         :    **ORDER AND OPINION**
                                         :
                                         :
GREGORY TAYLOR, et al.,                           :
                              Defendants.   :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      On July 7, 2014, attorneys George M. Chalos and Katherine N. Christodoulatos (the "Chalos Firm" or "Firm"), counsel of record for non-parties Philip and Iva DiChiara in the above-captioned case, sought leave to withdraw as the DiChiaras' counsel. The DiChiaras are witnesses in the action and had retained the Chalos Firm in connection with subpoenas for their bank records. By Order dated July 17, 2014, the motion to withdraw was granted. The Chalos Firm also asked that a retaining lien be placed on the DiChiaras' file. The DiChiaras, through new counsel, filed a brief in opposition to the motion for a retaining lien. On January 26, 2015, Magistrate Judge Debra Freeman issued a Report and Recommendation (the "Report"), recommending that the Court decline to exercise supplemental jurisdiction over this ancillary retaining lien dispute. No objections to the Report were filed. For the following reasons, the Report is adopted in its entirety.

**I.    STANDARD**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

**II.   BACKGROUND**

Findings of fact are set out in the Report and summarized here.

On July 11, 2013, Plaintiff Avalon Risk Management Insurance Agency, L.L.C. served J.P. Morgan Chase Bank with a subpoena out of the United States District Court for the Southern District of Florida, commanding the production of the DiChiaras' bank records. The DiChiaras hired the Chalos Firm to challenge the subpoena, which was successfully quashed. The agreement between the Chalos Firm and the DiChiaras was made by telephone; no written retainer was signed. The Chalos Firm contends the DiChiaras agreed to an hourly billing rate, while the DiChiaras contend -- and the Firm denies -- that the Chalos Firm agreed to place a cap on the fees at $10,000. The Chalos Firm billed the DiChiaras $20,441.38 for quashing the Florida subpoena, and the DiChiaras made a payment of $1,497.60.

On February 18, 2014, Plaintiff served a second subpoena out of the Southern District of New York, again seeking the DiChiaras' bank records. Again representing the DiChiaras, the Chalos Firm challenged the subpoena, which was also quashed. The Firm and the DiChiaras continued to dispute the nature of their fee agreement. The Chalos Firm billed $7,596.77 for its

2

work on the second subpoena, and the DiChiaras made a payment of $5,000.  The Chalos Firm then filed its motion to withdraw as counsel, based on the non-payment of legal fees, and asked that a retaining lien be placed on the DiChiaras' file.  Subsequently, the DiChiaras sent the Firm a check in the amount of $3,505.00, marked "full and final settlement of legal fees."  The Firm deposited the check "without prejudice and under protest."  Both the Chalos Firm and the DiChiaras advised Judge Freeman that they intended to participate in fee arbitration under the New York State Court Fee Dispute Resolution Program ("FDRP").

**III.   DISCUSSION**

The Report recommends that the Court decline to exercise supplemental jurisdiction over the Chalos Firm's application to fix a retaining lien, in light of the fact that there are "exceptional circumstances" that give rise to "compelling reasons" to decline jurisdiction under 28 U.S.C. § 1367(c)(4).  First, the Report finds that the nature of the present fee dispute does not lend itself to a summary determination.  As the agreement between the Chalos Firm and the DiChiaras was oral, the terms of the agreement could not easily be deduced without taking witness testimony and assessing credibility.  Additionally, although a court has the "responsibility to protect its own officers in . . . fee disputes," *Cluett, Peabody & Co. v. C.P.C. Acquisition Co.*, 863 F.2d 251, 256 (2d Cir. 1988), the Report finds that the Chalos Firm "failed to take appropriate steps to protect *itself*" by neglecting to provide the DiChiaras with a written engagement letter.  Second, the Report finds that it would "not serve the ends of judicial efficiency" for the Court to resolve this dispute, given the lack of familiarity with the events that took place in connection with the Florida subpoena, which are at the heart of the dispute.  Third, the Report finds that the parties' participation in FDRP fee arbitration precludes supplemental jurisdiction over the claim, as the two proceedings would be substantially similar.  Finally, the Report finds that the fixing of a

retaining lien would not best serve the interests of the parties because, at this stage in the litigation, neither party has any need for the documents being withheld.  The Report finds that resolution of the dispute through FDRP arbitration would best serve the interests of the parties.

Although the Report provides a sound analysis of the relevant factors under 28 U.S.C. § 1367(c), it is worth noting that this analysis may not have been necessary.  Neither the Chalos Firm nor the DiChiaras are parties to the above-captioned case.  Section 1367 provides that courts may exercise "supplemental jurisdiction over all other claims that are *so related to claims in the action* . . . that they form *part of the same case or controversy* under Article III of the United States Constitution."  28 U.S.C. § 1367(a) (emphases added).  Although the Chalos Firm's representation of the DiChiaras is undoubtedly related to the underlying action, it is doubtful that the dispute between the Firm and the DiChiaras is "*sufficiently* related to the underlying dispute to warrant the exercise of ancillary jurisdiction."  *Kenyon & Kenyon v. Advanced Eng'g Research & Dev. Corp.*, No. 97 Civ. 5909 (DC), 1998 WL 318712, at *2 (S.D.N.Y. June 16, 1998) (emphasis added) (finding that dispute between defendants and former attorneys was insufficiently related to underlying dispute between defendants and "other, unrelated business entities"); *accord Pay Television of Greater New York v. Sheridan*, 766 F.2d 92, 94 (2d Cir. 1985) ("[T]he district court is limited to setting fees that arise from the underlying action; it may not set fees for work done on unrelated actions."); *Wing v. E. River Chinese Rest.*, 884 F. Supp. 663, 667 (E.D.N.Y. 1995) ("Petitioner has not cited any authority, and this Court knows of none, that extends ancillary jurisdiction to an application by an attorney in the main action for fees from an entity other than a party to that action."); *Petition of Rosenman & Colin*, 752 F. Supp. 178, 180-81 (S.D.N.Y. 1990) ("Petitioner has cited no case, and I have found none, that extends ancillary jurisdiction to an application by an attorney in the main action for fees

from someone other than a party to that action."), *vacated on other grounds sub nom. Nat'l Foods, Inc. v. Rubin*, 936 F.2d 656 (2d Cir. 1991).  Courts must address the factors specified by section 1367(c) only after concluding that "the asserted claim arises out of 'a common nucleus of operative facts' as the main federal claim."  *York Research Corp. v. Landgarten*, No. 89 Civ. 5556 (PNL), 1992 WL 373268, at *3 (S.D.N.Y. Dec. 3, 1992) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966)).  Here, it is doubtful that the dispute between the Firm and the DiChiaras arises out of "a common nucleus of operative facts" as the underlying action.

Even if analysis of the section 1367(c) factors was unnecessary, the result is the same.

### IV. CONCLUSION

For the reasons stated above, the Report is adopted in its entirety.  Accordingly, the Chalos Firm's application to fix a retaining lien is DENIED.

SO ORDERED.

Dated: April 20, 2015
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**